# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEANNE C. SPENCER, | |
| Plaintiff, | CIVIL ACTION NO. 3:12-cv-1050 |
| v. | (JUDGE CAPUTO) |
| POCONO INTERNATIONAL RACEWAY, INC. d/b/a POCONO RACEWAY, | |
| Defendant. | |

## MEMORANDUM

Presently before the Court is Plaintiff Leanne Spencer's Complaint. (Doc. 1). Because the Complaint fails to adequately plead the existence of subject matter jurisdiction, the action will be dismissed unless Spencer timely amends.

## I. Background

Plaintiff Leanne Spencer filed this action on June 4, 2012. The action alleges Defendant Pocono Raceway's negligence led to unsafe conditions which ultimately caused Spencer physical harm. While the Complaint alleges that Spencer is a citizen of the State of New York, it alleges that Pocono Raceway is "a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with an address at P.O. Box 500 Long Pong Road, Tunkhannock Township, Long Pont Pennsylvania 18334." (Compl. at ¶ 3, Doc. 1.)

## II. Analysis

Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete

diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

In particular, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation may only have *one* principal place of business, and proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has *"its* principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "*a* principal place of business," rather than "*its* principal place of business"). A corporation's principal place of business is its "nerve center," that is, the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

Here, Spencer alleges that Defendant Pocono Raceway is "a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with an address at P.O. Box 500 Long Pong Road, Tunkhannock Township, Long Pont Pennsylvania 18334." (Compl. at ¶ 3, Doc. 1.) While this essentially alleges Pocono Raceway's state of incorporation, Spencer's allegations of citizenship fail to include Pocono Raceway's principal place of business. Specifically, a P.O. box may not serve as a principal place of business as it is not where a corporation's officers direct, control, and coordinate the corporation's activities. See, e.g., *USA Pork Packers, Inc. v. W. Field Ins. Co.*, CIV.A. 3:12-0611, 2012 WL 1145002 (M.D. Pa. Apr. 5, 2012) (Caputo, J.) (holding that a P.O. box mailing address is not a principal place of business). Therefore, the Court cannot determine whether there is proper jurisdiction over this corporate defendant and the matter is subject to dismissal.

However, pursuant to 28 U.S.C. § 1653, Plaintiff will be permitted the opportunity to demonstrate that diversity-of-citizenship jurisdiction exists, thereby saving her Complaint. *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (noting that Section 1653 gives district courts "the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts."). As such, Spencer will be given twenty-one (21) days in which to file an amended complaint.

### III. Conclusion

As Spencer has not shown that complete diversity of citizenship exists between the parties, the Court cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3). However, Spencer will be given an opportunity to amend and show that diversity of citizenship jurisdiction exists. Spencer will be given twenty-one (21) days in which to file a newly-amended complaint.

Failure to do so will result in this action being dismissed.  An appropriate order follows.

  June 5, 2012                                                       /s/ A. Richard Caputo
Date                                                                    A. Richard Caputo
                                                                        United States District Judge